GILBERT *et al. v.* PINEVILLE CONSOL. SCHOOL DIST.

(Division B.   Jan. 26, 1931.)

[132 So. 101.   No. 29262.]

J. **Knox Huff**, of Forest, for appellants.

Homer Currie, of Raleigh, for appellee.

Argued orally by **J. Knox Huff**, for appellant, and by **Homer Currie**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The board of supervisors of Smith county, at the July, 1930, meeting, and at subsequent meetings in due course,

took the steps and entered the several orders requisite for the issuance of the bonds of the Pineville consolidated school district, in said county, to the amount of nineteen thousand dollars. When later the statutory proceedings to validate said bonds came on to be heard before the chancellor, appellants filed their objections, which, after the evidence was taken, the chancellor overruled.

Two points are argued by appellants—the main contention being that the assessed valuation of the property in said district is only two hundred five thousand dollars; that there was previously authorized and validated on and before February 28, 1929, upon the same district and for the same purpose, an issue of twenty thousand dollars in bonds, making a total of more than fifteen per cent. of the assessed valuation; hence that there is an excessive and illegal proposal in the last issue here brought into question.

There are two answers to the contention; the first being that the only statement of the ground of objection, in respect to the said contention, is in the following words: "All proceedings in the matter of the issuance of said bonds are without legal authority." Such an objection is of no more practical effect than if the parties had simply appeared and said, "we object." In proceedings of this nature, objections must be specific, so as reasonably to advise the opposite parties and the court what it is particularly that is being insisted upon.

In the second place, the order of the board of supervisors, ordering the issuance of the present proposed bonds of said district in the said sum of nineteen thousand dollars, which order was made more than a year later than the said first order for twenty thousand dollars in bonds, adjudicates and recites as follows: "And whereas it further appears that the nineteen thousand dollars of bonds sought to be issued is not in excess of ten per cent. of the assessed valuation of the property of the said district, and that there is no floating or bonded indebtedness against said district, and whereas," etc. No

appeal was taken from this latter order; whence it follows that this adjudication and recital of adjudicated facts by the board "that there is no floating or bonded indebtedness against said district" must be accepted as true, and that it must therefore be assumed that the previously authorized bonds of twenty thousand dollars were not issued within the time limited by law, or were not sold, or in some manner were canceled or otherwise had failed to become outstanding obligations of the district. And certainly the foregoing assumption must stand as true in view of the fact that appellants offered no direct proof that these first bonds of twenty thousand dollars were in fact ever actually issued and sold, and thence have remained as valid obligations upon the district, and we are not meaning by the foregoing remarks to hold that it would have been competent to so prove in contradiction of the adjudication of the board. That question is not involved; it being enough to say, so far as this case is concerned, that there was no direct attempt to make the said proof.

The second contention is that the purpose for which the present issue of nineteen thousand dollars has been authorized is not to erect and equip a school building in said district, as the orders therefor recite, but is intended to be used to pay for a school building already erected under a void contract. No authority is cited in support of the proposition that, in a validation proceeding, objectors may intercept an alleged purpose to devote the proceeds to an illegal object, when no such illegality appears on the face of the proceedings sought to be validated, and we have been unable to find any such authority. We have concluded that it will be time enough, and the more appropriate, to take action on that complaint, when the illegal purpose, if any there be, is actually attempted to be put into effect.

Affirmed.